IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ISAIAH PARTON,<br><br>  Plaintiff,<br><br>vs.<br><br>TANYA COX, ET AL.,<br><br>  Defendants. | Cause No. CV 24-170-BLG-DLC<br><br>ORDER |

Plaintiff Isaiah Parton has filed a Complaint related to his incarceration at Pine Hills Correctional Facility. (Doc. 2.) As drafted, Parton's Complaint fails to state a claim and is subject to dismissal. He may amend.

I.   STATEMENT OF THE CASE

A.  Parties

Travis Wayne Parton was an inmate at Pine Hills Correctional Facility when his claims arose. He names, as Defendants, Tanya Cox, cook at Pine Hills; Steve Ray, Pine Hills Superintendent; Teri Young, Deputy Superintendent; and Willy Wilson, Pine Hills C.O. (Doc. 2 at 2 - 4.) (Parton also names Pine Hills Correctional Facility itself as a defendant. Pine Hills is just a building and is not capable of being sued under § 1983.)

B.  Allegations

Parton alleges that he was assaulted with a shoe by Tanya Cox in the kitchen

1

at Pine Hills on October 27, 2024. (Doc. 2 at 5.) He claims he was "verbally assaulted" and "cursed and demeaned" by Defendant Wilson the next day. (Doc. 2 at 5 - 6.)

Parton alleges several forms of damages, including auditory hallucinations, PTSD, schizophrenia, and panic attacks. (Doc. 2 at 6.) He seeks monetary damages, as well as injunctive relief in the form of better employee screening. *Id*.

## II.   SCREENING STANDARD

Parton is a prisoner so the Court must review his Complaint under 28 U.S.C. § 1915A. Section 1915A(b) requires the Court to dismiss a complaint filed by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the

claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

There is a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual

allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id. citing* Fed. R. Civ. P. 8(a)(2).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf*. Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

### III.   SCREENING ANALYSIS

As drafted, Parton's Complaint fails to state a claim.

1.   Cox's Assault

Prison officials' use of excessive force against a prisoner violates the prisoner's Eighth Amendment rights. However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The use of force in and of itself does not amount to a constitutional violation if it is applied in a good faith effort to restore discipline and order and not "maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (internal quotation and citation omitted). The Court must look for malicious and sadistic force, not merely objectively unreasonable force. *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002).

Further, "[t]he Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id.* at 9-10 (internal quotations and citation omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, even in the absence of significant injury. *Hudson*, 503 U.S. at 9.

The Court considers five factors in making this determination: (1) the extent of injury suffered by an inmate; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response. *Id.* at 7. Courts considering a prisoner's Eighth Amendment claim "must ask both whether 'the officials act[ed] with a sufficiently culpable state of mind' and whether the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." *Hudson*, 503 U.S. at 8 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Force is excessive where it causes "unnecessary and wanton pain and suffering." *Id.* at 6.

Parton's claim fails to provide sufficient detail to state a claim under this standard. "Assaulted with a shoe" could range from having a shoe thrown at him to a severe beating. Parton does not allege any physical injury from the assault.

5

Aspects of his claimed injuries are implausible, such as that whatever occurred in late October resulted in a diagnosis of schizophrenia three weeks later. (Doc. 2 at 6.) On amendment, Parton must provide sufficient detail to show that whatever occurred manifested wrongdoing "objectively harmful enough to establish a constitutional violation."

    2.      Wilson's Verbal Assault

Parton alleges, without more, that Wilson "verbally assaulted," "cursed at," and "demeaned" him. (Doc. 2 at 6.) These facts, without elaboration, do not state a claim for a violation of Parton's constitutional rights. "[V]erbal harassment generally does not violate the Eighth Amendment." *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir.1996). As the Ninth Circuit Court of Appeals stated in *Somers v. Thurman*, 109 F.3d 614, 622 (9th Cir. 1997), "[w]e are mindful of the realities of prison life, and while we do not approve, we are fully aware that the exchange of verbal insults between inmates and guards is a constant, daily ritual observed in this nation's prisons." (*Abrogated on other grounds by Saucier v. Katz*, 533 U.S. 194, 199 (2001).)

However, verbal harassment that is "unusually gross even for a prison setting" and is "calculated to" cause and causes psychological damage can amount to a constitutional violation. *Keenan*, at 1092. Parton may amend if he can meet this standard.

6

3.    Other Defendants

Parton fails to state claims against Defendants Young and Ray. Section 1983 imposes individual liability upon state actors only when their personal conduct violates a plaintiff's constitutional rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-94 (1978). Prisoners must establish prison officials' "deliberate indifference" to unconstitutional conditions of confinement to establish an Eighth Amendment violation. *See Farmer*, 511 U.S. at 834.

A plaintiff must present factual allegations against each individual defendant alleged to have violated his constitutional rights sufficient to state a plausible claim for relief and place each individual defendant on notice of the claim against them. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The allegations must link the actions or omissions of each named defendant to a violation of his rights. *Iqbal*, 556 U.S. at 676-77; *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).

Section 1983 does not impose liability on supervising officers under a respondeat superior theory of liability. *Monell*, 436 U.S. at 691-94. That is, a defendant cannot be held liable just because they supervise other employees. Instead, supervising officers can be held liable under Section 1983 "only if they play an affirmative part in the alleged deprivation of constitutional rights." *King v. Atiyeh*, 814 F.2d 565, 568 (9th Cir. 1987) *overruled on other grounds by Lacey v.*

7

*Maricopa County*, 693 F.3d 896 (9th Cir. 2012). A supervisor may be liable: (1) for setting in motion a series of acts by others, or knowingly refusing to terminate a series of acts by others, which they knew or reasonably should have known would cause others to inflict constitutional injury; (2) for culpable action or inaction in training, supervision, or control of subordinates; (3) for acquiescence in the constitutional deprivation by subordinates; or (4) for conduct that shows a reckless or callous indifference to the rights of others. *Larez*, 946 F.2d at 646.

Parton has stated facts to show personal involvement only against Defendants Cox and Wilson. He has stated no facts against the other defendants, and, thus, fails to state a claim against Steve Ray or Teri Young. They are not liable just because they are supervisors at Pine Hills, or they responded to (or failed to respond to) grievances. That is not personal participation in the violation of Parton's constitutional rights.

### IV. CONCLUSION

28 U.S.C. § 1915A requires a court to dismiss a complaint that fails to state a claim upon which relief may be granted, but does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts."

*Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

As currently pled, Parton's Complaint fails to state a claim upon which relief may be granted and is subject to dismissal. The Court cannot say with certainty that amendment would be futile. Accordingly, Parton will be permitted to amend if he can truthfully allege facts that would support a plausible claim for relief. Parton may file an amended complaint to provide factual details sufficient to establish a claim regarding his medical care at Montana State Prison.

Any amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference. Once Parton files an amended complaint, it replaces the original complaint, and the original complaint no longer serves a function in the case. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). If Parton fails to use the court-approved form, the Court may strike the amended complaint and recommend the dismissal of this action. Parton may not change the nature of this suit by adding new, unrelated claims in his amended complaint.

Any amended complaint must consist of short, plain statements telling the Court:  (1) the rights Parton believes were violated; (2) the name of the defendant(s) who violated the rights; (3) exactly what <u>each</u> defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation

9

of Parton's rights; (5) when the alleged actions took place; and (6) what injury Parton suffered because of that defendant's conduct. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Parton must repeat this process for each defendant. Conclusory statements are not enough, nor are declarations that all defendants violated some law or statute. Instead, Parton must provide specific factual allegations for each element of each of his claims and must state with specificity to which defendants each of his claims apply. If Parton fails to affirmatively link the conduct of a defendant with an injury suffered, the allegation against that defendant will be dismissed for failure to state a claim.

Accordingly, it is HEREBY ORDERED:

1. Within 21 days of the making of this Order, Parton may file an amended complaint.

2. If Parton fails to file an amended complaint, the Clerk is directed to close this matter and enter judgment pursuant to Fed. R. Civ. P. 58.

3. If Parton fails to file an amended complaint, the Clerk of Court shall have the docket reflect that the appeal of this matter would not be taken in good faith. Failure to file an amended complaint will result in a strike against Parton within the meaning of 28 U.S.C. § 1915.

4.      At all times during the pendency of this action, Parton must immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

DATED this 17th day of January, 2025.

_____
Dana L. Christensen, District Judge
United States District Court